# EXHIBIT C

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | | |
|---|---|---|
| In re Ex Parte Application of Petronas Azerbaijan (Shah Deniz) S.à r.l and Petronas South Caucasus S.à r.l, pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings,<br><br>*Plaintiff*<br>v.<br><br><br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Therium Capital Management (USA) Inc., 11 West 42nd Street, New York, New York 10036

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See attached Exhibit A.

| Place: Baker & Hostler LLP, Attn: Oren J. Warshavsky, 45 Rockefeller Plaza, New York, New York 10111 | Date and Time:<br>Within 20 days after service |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: May 28, 2024

CLERK OF COURT

OR

_____  _____
*Signature of Clerk or Deputy Clerk*                               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Petronas Azerbaijan (Shah Deniz) S.à r.l and Petronas South Caucasus S.à r.l, who issues or requests this subpoena, are: Oren J. Warshavsky, Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111 owarshavsky@bakerlaw.com, 212-589-4200

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. _____

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS

1. The word "document(s)" includes all "writings," "recordings," and "photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence and should be construed in the broadest sense permissible. Accordingly, "document(s)" includes, but is not limited to, all written, printed, recorded or graphic matter, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video tape) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made. Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or documentary materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith. In addition, the word "document(s)" encompasses electronically stored information ("ESI") including but not limited to "email," "voice mail," "text messages," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

2. The word "person(s)" includes not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint

ventures, proprietorships, syndicates, trusts, groups, and organizations; federal, state, or local governments or government agencies, offices, bureaus, departments, or entities; other legal, business or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.

3. As used herein, any reference to any "person" includes the present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of the person and also its subsidiaries, affiliates, divisions, and predecessors and successors in interest.

4. The term "you" and "your" refers to Therium Capital Management (USA) Inc., including, any parent or subsidiary entity, any other entity owned (in whole or part) by or controlled by Therium Capital and/or its Affiliated Persons, and any predecessor or successor thereof.

5. The term "Therium" refers to the global litigation funder doing business under that name, including all persons, holding companies, and Affiliated Persons comprising Therium's global corporate structure.

6. The term "Therium Capital" refers to Therium Capital Management (USA) Inc. and its Affiliated Persons.

7. The term "Sulu Claimants" refers to each of Nurhima Kiram Fornan, Fuad A Kiram, Sheramar T Kiram, Permaisuli Kiram-Guerzon, Taj-Mahal Kiram-Tarsum Nuqui, Ahmad Narzad Kiram Sampang, Jenny KA Sampang and Widz-Raunda Kiram Sampang, and their respective Affiliated Persons.

8. The term "Sulu Sultanate" refers to the former Sunni Muslim sultanate, the representatives of which, beginning in 1878, entered into a series of agreements whereby

certain territories, now known as Sabah, were purportedly leased to the British North Borneo Company, and any legal or natural person currently claiming to be the heirs of the Sulu Sultanate or otherwise represent the Sulu Sultanate or its interests and Affiliated Persons thereof.

9. The term "Arbitration" refers to the purported arbitration proceedings which initially arose from the Sulu Claimants' filing, on February 1, 2018, an application for the judicial appointment of an arbitrator before the Civil and Criminal Chamber of the Superior Court of Justice of Madrid pursuant to Article 15.4 of the Spanish Arbitration Act 60/2003.

10. The term "Mr. Stampa" refers to Mr. Gonzalo Stampa, who, on May 22, 2019, was initially appointed by the Civil and Criminal Chamber of the Superior Court of Justice of Madrid as sole arbitrator in the purported Arbitration, and whose appointment as sole arbitrator was rendered *void ab initio* by the same Court, and his Affiliated Persons.

11. The term "Cremades" refers to the Madrid-based law firm B. Cremades y Asociados located at Calle Goya, 18, 2ª planta 28001, Madrid, Spain, and its Affiliated Persons.

12. The term "Stampa Abogados" refers to the Madrid-based law firm located at Cl. de Ayala, 4, Salamanca, 28001 Madrid, Spain, and its Affiliated Persons.

13. The term "Affiliated Person" includes all employees, officers, executives, consultants, agents (whether legal or natural persons), representatives, affiliated entities, subsidiaries, or parent entities.

**INSTRUCTIONS**

1. Any document produced in response to this subpoena should be produced

in full, complete, and unedited form, together with all drafts and non-identical copies of each, and in reasonably accessible electronic form, if practicable.

2. Whenever the information requested is not readily available in the form requested but is available, or can more easily be made available in a different form, you may make the information available in such different form, provided that the information requested is readily intelligible in such different form made available by you.

3. Whenever a Request calls for 'documents sufficient to' provide certain information, you may at your option respond, in lieu of producing documents, by a written statement of that information verified by you or your representative.

4. Each Request should be construed so as to make the Request inclusive rather than exclusive. Thus, for example, in addition to the rules of construction set forth in Local Civil Rule 26.3(d), words importing the masculine gender may be applied to females and vice versa.

5. If you object to a Request, state the legal and factual basis for the objection, describe the information or documents that you propose to withhold pursuant to that objection, and fully answer all portions of the Request not objected to.

6. If you refuse to respond to any Request, or any subpart thereof, on the ground of privilege or attorney work product doctrine, provide the information specified in Local Civil Rule 26.2 in writing at the time of your response to these Requests.

7. Unless otherwise specified below, the relevant time period for the following Requests is from February 1, 2016 to the present.

8. In accordance with Federal Rule of Civil Procedure 26(e), these Requests are to be deemed continuing in nature, so as to require further and supplemental responses

as you receive or identify additional information or documents between the time of your response and the time of trial in this case. If at any time you obtain information or knowledge that the response to any of these Requests was not true and correct or was incomplete when given, you shall serve true and correct responses to those Requests within 10 days following the date upon which such information or knowledge was first obtained, but not later than the time of trial in this case.

**DOCUMENT REQUESTS**

YOU are hereby requested to produce the following:

1. Documents sufficient to identify any financial institutions holding bank accounts belonging to or beneficially held by Therium.

2. Documents sufficient to identify any financial institutions holding bank accounts belonging to or beneficially held by any special purpose vehicles or entities used by Therium.

3. All non-privileged documents concerning any communications between Therium and the Sulu Claimants.

4. All non-privileged documents concerning any communications between Therium and the Sulu Sultanate.

5. All documents concerning any communications between Therium and Mr. Stampa.

6. All non-privileged documents concerning any communications between Therium and Stampa Abogados.

7. All non-privileged documents concerning any communications between Therium and Cremades.

8. All non-privileged documents concerning any communications between any of the following parties: the Sulu Claimants; the Sulu Sultanate; Mr. Stampa; Stampa Abogados; and/or Cremades.

9. All documents relating to any money transfers between Therium and any or all of the Sulu Claimants, including but not limited to any wire transactions where any or all of the Sulu Claimants is/are listed as the sender, originator, beneficiary or ultimate beneficiary.

10. All documents relating to any money transfers between Therium and the Sulu Sultanate including but not limited to any wire transactions where the Sulu Sultanate is listed as the sender, originator, beneficiary or ultimate beneficiary.

11. All documents relating to any money transfers between Therium and Mr. Stampa, including but not limited to any wire transactions where Mr. Stampa is listed as the sender, originator, beneficiary or ultimate beneficiary.

12. All documents relating to any money transfers between Therium and Stampa Abogados, including but not limited to any wire transactions where Stampa Abogados is listed as the sender, originator, beneficiary or ultimate beneficiary.

13. All documents relating to any money transfers between Therium and Cremades, including but not limited to any wire transactions where any of the individual Sulu Claimants is listed as the sender, originator, beneficiary or ultimate beneficiary.

14. All documents relating to any money transfers or other transactions, including but not limited to all dollar-denominated transactions, between any bank accounts owned or controlled, either directly or indirectly, by any of the following parties: the Sulu Claimants; the Sulu Sultanate; Mr. Stampa; Stampa Abogados; and/or Cremades.