UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Ex Parte Application of PETRONAS AZERBAIJAN (SHAH DENIZ) SARL and PETRONAS SOUTH CAUCASUS SARL pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | Misc. Case No. 1:24-mc-00242 (AKH)<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

WHEREAS, Petitioners Petronas Azerbaijan (Shah Deniz) S.à.r.l. and Petronas South Caucasus S.à.r.l. (together, "Petitioners") and the subpoenaed non-party CaixaBank, S.A. ("CaixaBank"), by and through their undersigned counsel, respectfully request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of private and sensitive information that CaixaBank may disclose in connection with this proceeding; and

WHEREAS, Petitioners and CaixaBank agree and stipulate to the following terms; and

WHEREAS, this Court finds that good cause exists to issue an appropriately tailored protective order;

IT IS HEREBY ORDERED that: (a) Petitioners and their respective officers, directors, executives, owners, shareholders, employees, agents, and attorneys; (b) anyone else in concert with any of the foregoing; and (c) anyone else with notice of this Order, shall adhere to the following terms, upon pain of contempt and sanctions:

1.  All "Discovery Material" (i.e., material or information of any kind that CaixaBank produces or discloses in connection with this proceeding) shall be used solely for purpose of (i) litigating claims in the contemplated "Foreign Proceedings" in Spain and/or Luxembourg that Petitioners previously identified in their submissions to this Court, on or about

1

May 28, 2024, for an ex parte subpoena pursuant to 28 U.S.C. § 1782, or in any other proceeding that becomes available to Petitioners arising out of, or related to, the Foreign Proceedings, such as any action brought by Petitioners to enforce any order or judgment rendered in the Foreign Proceedings (together, the "Matters"), so long as (ii) CaixaBank is not a party to any of the Matters.

2. Discovery Material may not be used for any other purposes whatsoever—including, but not limited to, any business or commercial purpose or for dissemination to the media or the public—unless otherwise agreed in advance by CaixaBank or unless such use is authorized by a future Order of this Court. Anyone with access to Discovery Material must undertake best efforts to ensure that it is used only for the purposes authorized herein.

3. If Discovery Material is designated as "Confidential" pursuant to this Order, then no one subject to this Order may disclose, summarize, characterize, or describe such Confidential Discovery Material, whether in whole or in part, to anyone else except as expressly permitted herein. Anyone with access to Discovery Material designated as Confidential must undertake best efforts to prevent any unauthorized disclosure of such material.

4. Additional safeguards for Discovery Material designated Confidential may be required pursuant to U.S. or foreign laws, statutes, regulations, or obligations that relate to privacy or data protection. Petitioners and anyone else subject to this Order understand and agree to undertake best efforts to provide such additional safeguards for Discovery Material designated Confidential as appropriate.

5. Petitioners and anyone else subject to this Order shall hold harmless CaixaBank (as well as its officers, directors, employees, agents, and attorneys) against any and all demands, claims, proceedings, damages, penalties, fines, attorneys' fees, costs, charges, and/or expenses that may arise from any alleged or actual breach of U.S. or foreign laws, statutes, regulations, or

2

obligations that relate to privacy or data protection, whether in connection with any initial production by CaixaBank or any subsequent disclosure by Petitioners or anyone else subject to this Order of Discovery Material designated Confidential.

6. Petitioners and anyone else subject to this Order shall indemnify CaixaBank for any actual losses incurred in connection with the initial production by CaixaBank or any subsequent disclosure by Petitioners or anyone else subject to this Order of any Discovery Material designated Confidential.

7. CaixaBank may designate as Confidential only the portion of Discovery Material that it reasonably and in good faith believes consists of:

    a.    non-public personal financial or banking information;

    b.    non-public personal identifying information; or

    c.    any other category of information given Confidential status by this Court after the date of this Order.

8. CaixaBank may designate Discovery Material as Confidential by stamping or otherwise clearly marking as "Confidential" the protected page(s), material, or information in a way that will not interfere with legibility. If affixing the word "Confidential" is impractical, then CaixaBank shall provide a slip sheet reflecting such a designation.

9. All information derived from Confidential Discovery Material—including but not limited to extracts, notes, summaries, compilations, and descriptions of such material, or electronic images or databases containing such material—shall be treated as Confidential in accordance with this Order to the same extent as the original Confidential Discovery Material.

10. If at any time CaixaBank realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, then CaixaBank may so designate such Discovery Material by notifying Petitioners or their counsel in

3

writing. Thereafter, such designated portion(s) of the Discovery Material shall be treated as Confidential. In addition, within five business days of providing such notice, CaixaBank shall provide Petitioners or their counsel with replacement versions of the Discovery Material bearing the "Confidential" designation.

11. If CaixaBank has designated Discovery Material as Confidential, then such materials or information shall not be disclosed to any person, except:

    a. Petitioners' undersigned counsel, as well as any attorneys, paralegals, or clerical assistants in such counsel's employment whose advice or assistance is necessary in connection with this proceeding or the Matters;

    b. Petitioners' employees, agents, and in-house or other outside counsel whose advice or assistance is necessary in connection with the Matters, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

    c. any other person who Petitioners retain to provide specialized advice or assistance that is necessary in connection with the Matters, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

    d. Any named party to the Matters, through their counsel of record, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto; and

    e. witnesses testifying at depositions or at trial in the Matters, but only if there is a good-faith basis for disclosing the Confidential Discovery

4

    Material or information to the witness and, moreover, the witness has been advised of its Confidential status under this Protective Order;

  f. any mediator or arbitrator in the Matters, but only if there is a good-faith basis for disclosing the Confidential Discovery Material or information to the mediator or arbitrator and, moreover, they have been advised of its Confidential status under this Protective Order;

  g. a court reporter, stenographer, or videographer recording testimony in the Matters, subject to the terms and handling limitations described herein;

  h. this Court or any court where Petitioners commence the Matters (including any such court's personnel necessary to assist the court with its functions), subject to the terms and handling limitations described herein.

12. Before disclosing any Confidential Discovery Material to anyone described in subparagraphs 9(b), 9(c), or 9(d) above, Petitioners' undersigned counsel must: (a) inform the person of the Confidential status of the Discovery Material; (b) inform the person that this Court has prohibited the use of the Confidential Discovery Material for any purpose other than the Matters; and (c) provide a copy of this Order to such person, who must then sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that they have read this Order and agree to be bound by its terms. Petitioners' undersigned counsel must retain a copy of each signed Non-Disclosure Agreement and hold it in escrow.

13. Discovery Material designated Confidential filed or otherwise submitted to any domestic or foreign court, for any purpose, shall be filed in compliance with the receiving court's redaction or omission requirements regarding confidential personal information.

14.     This Order binds Petitioners and certain others to treat as Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder.

15.     If Petitioners object to any designation of Discovery Material as Confidential, then they may serve upon counsel for CaixaBank a written notice stating with particularity the grounds for their objection. If a resolution cannot be reached through a meet and confer process, then counsel will address their dispute before this Court. While the dispute is pending, the Discovery Material designated as Confidential must continue to be treated as Confidential and shall remain protected by this Order. CaixaBank bears the burden of proving that the information is properly designated as CONFIDENTIAL.

16.     CaixaBank may request additional limits on disclosure at any time by serving upon Petitioners' undersigned counsel a written notice stating with particularity the grounds for the request. If agreement cannot be reached promptly, then counsel will address their dispute before this Court.

17.     Nothing contained in this Order will be construed as: (a) a waiver of existing objections, or the right to object, to any discovery request; (b) a waiver of any available privilege or protection; or (c) a waiver, admission, or ruling regarding the relevance or admissibility of any material, information, or other evidence in any legal proceeding.

18.     The production of material protected from disclosure by the attorney-client privilege, the work product doctrine, or any other legal protection from disclosure, whether inadvertent or otherwise, is not a waiver of the protection from discovery in this proceeding or in

any other federal, state, or foreign proceeding. This Order shall be interpreted to provide the maximum protections allowed by Federal Rule of Evidence 502(d).

19. Nothing contained in this Order will affect or restrict the rights of CaixaBank with respect to its own materials or information produced in this proceeding.

20. Within 60 days of the final disposition of the Matters (including any appeals), all recipients of Confidential Discovery Material must destroy such material and any copies thereof. Notwithstanding this provision, counsel that Petitioners have specifically retained for this proceeding or for the Matters may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

21. This Order will survive the termination of this proceeding and the Matters and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

22. This Court will retain jurisdiction over all persons subject to this Order to enforce the obligations arising hereunder and to impose sanctions for any contempt thereof.

SO AGREED AND STIPULATED.

Dated:     July 2, 2025

*s/ Oren J. Warshavsky*
**BAKER & HOSTETLER LLP**
Oren J. Warshavsky
Gonzalo S. Zeballos
J'Naia L. Boyd
45 Rockefeller Plaza
New York, New York 10111
(212) 589-4200
owarshavsky@bakerlaw.com
gzeballos@bakerlaw.com
jlboyd@bakerlaw.com

*Counsel for Applicants Petronas Azerbaijan (Shah Deniz) S.à.r.l and Petronas South Caucasus S.à.r.l*

*s/ Gary Meyerhoff*
**DENTONS US LLP**
Gary Meyerhoff
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700
gary.meyerhoff@dentons.com

Cassandra Beckman Widay
1900 K Street NW
Washington, D.C. 20006
(202) 496-7500
cassandra.beckmanwiday@dentons.com

*Counsel for Non-Party CaixaBank, S.A.*

SO ORDERED.

Dated: _____July 2_____, 2025

_____
HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE

8

Case 1:24-mc-00242-AKH   Document 15   Filed 07/02/25   Page 9 of 9

Exhibit A
To Stipulated Protective Order

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Ex Parte Application of PETRONAS AZERBAIJAN (SHAH DENIZ) SARL and PETRONAS SOUTH CAUCASUS SARL pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | Misc. Case No. 1:24-mc-00242 (AKH) <br><br> **NON-DISCLOSURE AGREEMENT** |

I acknowledge that I have read and understand the Protective Order in this proceeding, which governs the handling and non-disclosure of Discovery Material that has been designated Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than as permitted by the Protective Order. I further agree that, when appropriate, I will destroy any copies of such Confidential Discovery Material in my possession, custody, or control.

By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my violation of any term of the Protective Order could subject me to sanctions for contempt of Court.

I declare under penalty of perjury that the foregoing is true and correct.

Date:

Name (Print): _____

Signature: _____

9