UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re *Ex Parte* Application of Petronas
Azerbaijan (Shah Deniz) S.à.r.l and Petronas
South Caucasus S.à.r.l, pursuant to 28 U.S.C.
§ 1782 to Conduct Discovery for Use in
Foreign Proceedings,

Petitioners.

Misc. Case No.: 1:24-mc-00242-AKH

---

## JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER

WHEREAS, on July 11, 2024, the Court issued its Order pursuant to 28 U.S.C. § 1782 granting Petitioners Petronas Azerbaijan (Shah Deniz) S.à.r.l and Petronas South Caucasus S.à.r.l. (collectively, "Petronas") leave to serve the Subpoena on Respondent Evergreen Parent GP LLC ("Evergreen") to obtain discovery for Petronas' use in foreign proceedings (Dkt. No. 14);

WHEREAS, Petronas' initial *Ex Parte* Application for an Order to Conduct Discovery For Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782 (the "Application") sought leave to obtain discovery for use in contemplated proceedings in Spain and Luxembourg (collectively, the "Foreign Proceedings");

WHEREAS, the Foreign Proceedings contemplate:[1]

1. An intended civil tort claim arising from a purported criminal act, against Mr. Gonzalo Stampa, in the First Instance Courts of Madrid, pending the resolution of subsequent appeals of his criminal conviction in Spain;

2. A contemplated civil tort claim against Cremades, the Sulu Claimants, and/or the Funder in the First Instance Courts of Madrid;

---

[1]  Unless otherwise defined here, capitalized names and terms in this Stipulated [Proposed] Order shall have the same meanings ascribed to them in Petitioners' Application.

3.  A contemplated private prosecution against Cremades, the Sulu Claimants, and/or the Funder filed with the Spanish Investigation Courts of Madrid who may initiate proceedings against the accused; and

4.  A contemplated civil tort claim against the Sulu Claimants and/or the Funder, likely before the Luxembourg *Tribunal d'arrondissement.*

WHEREAS, the Application represented that Evergreen is not expected to be named in the Foreign Proceedings;

WHEREAS, on July 17, 2024, Petronas served Evergreen with a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") identifying the documents they seek for use in the Foreign Proceedings;

WHEREAS, Evergreen wishes to protect the confidential, proprietary, and/or commercially sensitive information of the certain documents sought by Petronas;

NOW, THEREFORE, to facilitate and expedite the production, exchange, and treatment of the responsive documents in its possession, Petronas and Evergreen hereby stipulate and agree as follows:

## 1. Scope

Petronas and Evergreen (collectively, the "Parties") submit this Stipulated Protective Order to the Court for approval and agree to be bound by the Order's terms.  The Parties shall abide by the terms of this Order pending its approval by the Court, and if this Order is not entered by the Court for any reason, the Parties shall continue to abide by its terms with respect to any material produced by Evergreen prior to the Court's decision not to enter this Order unless the Court otherwise determines.

## 2. Definitions

i.      "Person" means a natural individual or a legal entity.

ii.      "Producer" means a Person who produces information via the discovery process in this action.

2

iii.    "Recipient" means a Person who receives information via the discovery process in this action.

iv.    "Confidential Information" means any information produced in response to the Subpoena that has been designated as "Confidential" because it is information which is not publicly available that contains: (i) Evergreen's, including its subsidiaries' and affiliates' sensitive business, financial, or commercial information, that may reasonably be considered to provide a commercial advantage to its possessor, that contains sensitive or personally identifiable information of a natural person, and/or that the disclosure of which to persons other than those described in Stipulation 4 below may reasonably be considered to create a risk of harm that could not be avoided by less restrictive means; (ii) commercially sensitive or proprietary information of a third party, which Evergreen owes an obligation of confidentiality with respect to such information; or (iii) information that, pursuant to any applicable law, regulation, or court order, is required to be kept confidential or is subject to restrictions on its use or disclosure. Information is not "Confidential Information" if it is disclosed in a publicly available printed publication, is known or is accessible to the public, was known to Petronas without an obligation of confidentiality before the Evergreen disclosed it, or is, or becomes, known to Petronas by a means not constituting a breach of this Order. Information is likewise not Confidential if a Person lawfully obtained it independently of this litigation.

v.    "Highly Confidential Information" is a subset of Confidential Information and shall mean any information that Evergreen claims in good faith to constitute, reflect, or relate to (i) any trade secret; or (ii) any proprietary, business, competitively sensitive, research, technical, commercial, financial, or other information that would not be adequately protected under the procedures set forth herein for "Confidential Information." Information is not "Highly Confidential Information" if it is disclosed in a publicly available printed publication, is known or is accessible to the public, was known to Petronas without an obligation of confidentiality before Evergreen disclosed it, or is or becomes known to Petronas by a means not constituting a breach

3

of this Order. Information is likewise not Highly Confidential if a Person lawfully obtained it independently of this litigation.

### 3. Designation of Information as Confidential

i. Evergreen may designate as confidential, for protection under this Order, any document or material that constitutes or includes Confidential Information, by affixing a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend or stamp on such document or material. The legend or stamp shall be placed clearly on each page of the document or material for which such protection is sought.

ii. Evergreen's designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL means that Evergreen believes in good faith, upon reasonable inquiry, that the information qualifies as such.

iii. By making documents or things containing Confidential or Highly Confidential Information available for inspection without marking them as CONFIDENTIAL or HIGHLY CONFIDENTIAL, Evergreen does not forfeit a claim of confidentiality, so long as Evergreen causes copies of the documents or things to be marked as CONFIDENTIAL or HIGHLY CONFIDENTIAL before providing the copies to the Recipient.

iv. Evergreen's failure to designate a document, thing, or testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

v. Evergreen may withdraw its confidentiality designation by written notification to Petronas.

vi. If Petronas disputes Evergreen's designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL, Petronas shall notify Evergreen in writing, identifying the specific document(s) or thing(s) as to which the designation is disputed, and the grounds for the dispute. The Parties shall then confer to attempt to resolve the dispute without involvement of the Court. If they cannot resolve the dispute, Petronas may seek relief from the Court as the Party challenging the designation, and Evergreen bears the burden of proving that the information is properly

4

designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL. In the event such an application is made, the information shall remain subject to Evergreen's designation until the Court rules on the dispute.

### 4. Access to Confidential Information

i. Absent written permission from Evergreen or further order by the Court, information designated as CONFIDENTIAL may only be disclosed to: (i) Petronas's employees, agents, in-house or other outside counsel, and the in-house counsel of Petronas's direct and indirect parent entities whose advice or assistance is necessary in connection with the Matters as defined in Paragraph 6, provided such persons have first completed the certification contained in Appendix A ("Certification"); (ii) Petronas's undersigned counsel, including necessary attorneys, paralegal, secretarial, and clerical personnel assisting such counsel, and necessary discovery consultants, processors, and vendors assisting such counsel; (iii) a stenographer and videographer recording testimony concerning the information; (iv) experts and consultants and their staff whom Petronas employs for purposes of the Matters, but only after each such person has completed the Certification; (v) witnesses testifying at depositions or at trial in the Matters, but only if there is a good faith basis for disclosing the information to the witness and Petronas has requested the foreign court to instruct the witness regarding the confidential nature of the information; (vi) court reporters employed in connection with the Matters; and (vii) the court presiding over the Matters and its staff. Notwithstanding the foregoing, a document marked CONFIDENTIAL may be disclosed to i) any Person who was an author or recipient of the document; and ii) Parties in the claims in the Matters but only after each such person has completed the Certification.

### 5. Access to Highly Confidential Information

i. Absent written permission from Evergreen or further order by the Court, information designated as HIGHLY CONFIDENTIAL may only be disclosed to: (i) counsel for Petronas, including necessary paralegal, secretarial, and clerical personnel assisting such counsel, and necessary discovery consultants, processors, and vendors assisting such counsel; (ii) a stenographer and videographer recording testimony concerning the information; (iii) experts and

5

consultants and their staff whom Petronas employs for purposes of the Matters and who have been authorized in writing to view information designated as HIGHLY CONFIDENTIAL by Evergreen, but only after each such person has completed the Certification; (iv) witnesses testifying at depositions or at trial in the Matters, but only if there is a good faith basis for disclosing the information to the witness and Petronas has requested the foreign court to instruct the witness regarding the confidential nature of the information; (v) the court presiding over the Matters and its staff; and (vi) court reporters employed in connection with the Matters. Notwithstanding the foregoing, a document marked HIGHLY CONFIDENTIAL may be disclosed to i) any Person who was an author or recipient of the document; and ii) counsel for Parties in the claims in the Matters but only after each such person has completed the Certification. Petitioners' undersigned counsel must retain a copy of each signed Certification and hold it in escrow. If a dispute arises between the parties concerning the disclosure of Discovery Material, Evergreen's counsel may request copies of executed Certifications, and those Certifications shall be designated as Attorneys' Eyes Only. Petitioners' counsel shall provide Evergreen's counsel with the requested Certifications within ten (10) calendar days of such request.

### 6. Use and Disclosure of Discovery Material

i. Absent written agreement by the Parties, or Court order , any discovery material produced in this action shall be used solely for  the purpose of (i) litigating claims in the contemplated "Foreign Proceedings" in Spain and/or Luxembourg that Petitioners previously identified in their submissions to this Court, on or about May 28, 2024, for an *ex parte* subpoena pursuant to 28 U.S.C. § 1782, or in any other proceeding that becomes available to Petitioners arising out of, or related to, the Foreign Proceedings, such as any action brought by Petitioners to enforce any order or judgment rendered in the Foreign Proceedings or the facts and matters giving rise to the Foreign Proceedings (together, the "Matters"), so long as (ii) neither Evergreen nor its wholly-owned subsidiaries are parties to any of the Matters.

ii. If Petronas is served with a subpoena or an order issued in litigation other than the Matters that would compel disclosure of any Confidential or Highly Confidential Information

6

produced in this action, Petronas must so notify Evergreen, in writing, immediately and in no event more than ten (10) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. Petronas must also immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, Petronas must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

### 7. Production of Privileged or Protected Material

Provided that a privilege log is served, nothing in this Order shall require production of documents, information, or other material that Evergreen contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or immunity. To the extent any documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or any other applicable privilege, doctrine, or immunity are inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity in this or any other proceeding. If Evergreen inadvertently produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or any other privilege, doctrine, or immunity, it may obtain the return of such documents, information or other material by promptly notifying the Recipient(s) and providing a privilege log for the produced documents, information, or other material within ten (10) business days of the time such disclosure has come to its attention. The Recipient(s) shall gather and return all copies of such documents, information or other material to Evergreen within ten (10) business days of receipt of notice from Evergreen of production of the protected materials, except for any pages containing privileged or otherwise protected markings by the Recipient(s), which pages shall instead be destroyed and certified as such to Evergreen within ten (10) business days of receipt of the notice from Evergreen of production of the protected material.

### 8. Unauthorized Disclosure

7

If Petronas learns that, by inadvertence or otherwise, it has disclosed documents or information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL to any Person or in any circumstance not authorized under this Order, Petronas must immediately (a) notify Evergreen in writing of the unauthorized disclosures, which written statement shall include a description of (i) the circumstances surrounding the unauthorized disclosure, (ii) a list of persons to whom such disclosure was made, and (iii) the steps Petronas has taken to retrieve the CONFIDENTIAL or HIGHLY CONFIDENTIAL information or to otherwise mitigate any harm that may result from its unauthorized disclosure; (b) use its best efforts to retrieve all copies of the CONFIDENTIAL or HIGHLY CONFIDENTIAL information; (c) inform the Person(s) to whom unauthorized disclosures were made of all the terms of this Order; and (d) request that such Person(s) execute the attached Appendix A.

### 9. Document Destruction Upon Termination of Proceedings

Within sixty (60) days of final termination of the later of the Matters including any appeals, all discovery material produced in this action, including all copies thereof, shall be returned to Evergreen, or, upon permission of Evergreen, destroyed. In any event, by the sixty (60) day deadline, the Recipient shall verify the return or destruction by submitting a written certification to Evergreen affirming that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the discovery material.

### 10. Survival of Obligations

This Order shall survive the conclusion of the Matters and this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**IT IS SO ORDERED.**

_____

UNITED STATES DISTRICT COURT JUDGE

12-23-25

## APPENDIX A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| In re *Ex Parte* Application of Petronas Azerbaijan (Shah Deniz) S.à.r.l and Petronas South Caucasus S.à.r.l, pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings,<br><br>Petitioners. |

Misc. Case No.: 1:24-mc-00242-AKH

## ACKNOWLEDGEMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

I certify that I have read the Protective Order in the above captioned case and that I understand the terms of the Protective Order. I recognize that I am bound by the terms of the Protective Order, and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States District Court for the Southern District of New York solely for any proceeding involving enforcement of the Protective Order.

Name:_____

Date: _____

Signature: _____

9

DATED: December 22, 2025

Respectfully submitted,

/s/ _Lucas Bento_
Lucas Bento
NY State Bar No. 4907986
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
(212) 849 7000
lucasbento@quinnemanuel.com
*Attorney for Evergreen Parent GP LLC*

/s/ _Oren J. Warshavsky_
Oren J. Warshavsky
Gonzalo S. Zeballos
J'Naia L. Boyd
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
owarshavsky@bakerlaw.com
gzeballos@bakerlaw.com
jlboyd@bakerlaw.com
*Attorneys for Petronas Azerbaijan (Shah
Deniz) S.à.r.l and Petronas South Caucasus
S.à.r.l.*

10